UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONSTANTIN LAND TRUST | CIVIL ACTION |
| VERSUS | NO. 12-179 |
| BP AMERICA PRODUCTION COMPANY ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Plaintiff Constantin Land Trust ("Constantin") filed a Motion to Remand, which is pending before me. Record Doc. No. 4. All parties have now consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Record Doc. No. 16.

Defendants BP America Production Company and BP Exploration and Production Inc. (hereinafter jointly referred to as "BP") filed a timely written opposition to plaintiff's motion to remand. Record Doc. No. 10. Defendants Sea Support Services, LLC ("Sea Support") and Randy J. Adams (Sea Support's president and managing member) also filed a timely opposition memorandum. Record Doc. No. 11.

Having considered the written submissions of the parties, the record, and the applicable law, **IT IS ORDERED** that plaintiff's motion to remand to state court is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent it seeks a remand. Constantin has demonstrated a reasonable possibility of recovery on its claims against the non-diverse defendants, Sea Support and Adams, particularly its

trespass claim. These two defendants – like plaintiff – are Louisiana citizens for diversity jurisdiction purposes. Sea Support and Adams are therefore properly joined as parties, this court lacks subject matter jurisdiction and this case must be remanded to the state court from which it was removed. Plaintiff's motion is denied to the extent it seeks an award of attorney's fees and costs.

I. BACKGROUND

On December 12, 2011, Constantin filed a petition in the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana, against BP, Sea Support and Adams. Record Doc. No. 1-5, Petition for Damages. Plaintiff asserts in its petition that it is the sole owner of three parcels of real property in Lafourche Parish, which are known as the Seafood Dock, the Pipeline Dock, and the property surrounding, underneath and encompassing the Sinclair Canal and Turning Basin (collectively referred to herein as the "Property"). Constantin alleges that "all . . . defendants occupied, used, dumped materials upon, and otherwise converted for their own use areas of the aforesaid property" without Constantin's approval or authorization, and therefore committed a trespass on the Property. Id. at ¶¶ 7-8. Plaintiff further alleges that "all . . . defendants paid monies to either Pitre Industries, Inc., Pitre Rae Partnership, or another unknown entity for the purpose of using, occupying, dumping materials upon, and otherwise converting to their own use the aforesaid properties." Id. at ¶ 9. Constantin states that

its ownership of the Property was a matter of public record and that no recorded instrument establishes any "right of Pitre Industries, Inc., Pitre Rae Partnership, or any other entity to lease, sublease, assign, or otherwise contract with aforesaid named defendants." Id. at ¶ 10. Significantly, plaintiff specifically alleges that all defendants' actions constituted "acts of trespass" resulting in damages to plaintiff's property. Id. at ¶ 11. As to defendant Adams specifically, the petition alleges that he, "either acting as broker individually or in some other representative capacity, either negligently or intentionally with the intent to cause harm, brokered and/or negotiated with [BP, Sea Support] or any unknown entity regarding their use, trespass, and/or conversion of the above described properties" without Constantin's authority or consent, and that Adams "contributed to the acts of trespass and conversion," while receiving "remuneration from the defendants as a result of his illegal, improper, and unauthorized actions." Id. at ¶ 13 (emphasis added). Constantin seeks damages and an order that defendants cease and desist from continuing activities on the Property, if any, and either return the Property to its original condition or pay plaintiff the amount necessary to restore it. Id. at ¶¶ 11-12.

BP removed the action to this court on January 20, 2012 on the basis of diversity jurisdiction between plaintiff and BP. BP alleged that plaintiff had improperly joined as defendants Adams and Sea Support, who, like Constantin, are Louisiana citizens, to

3

defeat diversity jurisdiction. Record Doc. Nos. 1, Notice of Removal, and 8, Certificate of Compliance with 28 U.S.C. § 1447(b). BP's notice of removal was supported by an affidavit from Adams dated January 19, 2012, Record Doc. No. 1-2, Defendant's Exh. A, and a declaration from John McLemore, a BP employee. Record Doc. No. 1-3, Defendant's Exh. B. McLemore's undisputed declaration establishes that the amount in controversy exceeds $75,000. Although all three defendants contended that the consent of Adams and Sea Support, as improperly joined defendants, was unnecessary, both consented to the removal. Record Doc. No. 1, Notice of Removal, at ¶ 7; Record Doc. No. 1-4, Defendant's Exh. C, Consent to Removal.

II.     THE LEGAL STANDARD

Civil actions originally filed in state court may be removed to a federal court that would have original jurisdiction. 28 U.S.C. § 1441(a). Actions are removable based on diversity jurisdiction when 28 U.S.C.§ 1332(a) is satisfied, which requires at least $75,000 in controversy and complete diversity of citizenship among all properly joined parties. 28 U.S.C. § 1441(b). Complete diversity "mean[s] that a federal court may not exercise diversity jurisdiction if any one of the plaintiffs is a citizen of the same state as any one of the defendants." Menendez v. Wal-Mart Stores, Inc., 364 F. App'x 62, 65 (5th Cir. 2010). Removal requires the consent of all properly joined defendants. Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007).

Disputes over the propriety of removal jurisdiction require strict interpretation of the removal statute. In the presence of doubt, the court must err on the side of remand. Gash v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)). The jurisdictional facts supporting removal must be analyzed as of the time of removal. Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Thus, in an analysis of improper joinder, removal jurisdiction must be supported by the claims alleged in the state court petition. Fletcher v. United States, No. 11-10513, 2011 WL 6091151, at *4 (5th Cir. Dec. 6, 2011) (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)); Schwartz v. Am. Express Travel Related Servs. Co., 71 F. App'x 441, 2003 WL 21417510, at *1 (5th Cir. 2003) (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

The test for improper joinder is whether the removing defendants have shown either "(1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Elam v. Kan. City So. Ry., 635 F.3d 796, 813 (5th Cir. 2011) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)) (emphasis added). Under the second inquiry,[1] defendants have the "heavy" burden to demonstrate that there is "'no reasonable

---

[1] In the instant case, defendants do not allege actual fraud in the pleading of jurisdictional facts, and there is no indication of actual fraud in this record.

5

basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" Kling Realty Co. v. Chevron USA, Inc., 575 F.3d 510, 513 (5th Cir. 2009) (quoting Smallwood, 385 F.3d at 573) (emphasis added). A "merely . . . theoretical" possibility of plaintiff's recovery against an in-state defendant is insufficient to establish proper joinder. Id. (quotation omitted); see also Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 2005) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist.").

It is irrelevant to the improper joinder analysis "whether the plaintiff will actually or even probably prevail on the merits of the claim" against the non-diverse defendant. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308-09 (5th Cir. 2005). Provided that there is arguably a reasonable possibility of recovery under controlling state law, any valid cause of action against an in-state defendant may defeat a claim of improper joinder. Id. at 309. Thus, the allegations in the state court petition, "read leniently in favor of remand," are ordinarily sufficient to identify whether plaintiff has established a reasonable basis of recovery. Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).

When plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder," "the court may conduct a Rule 12(b)(6)-type analysis" based on the

allegations of the complaint alone or may, in its discretion, look beyond the pleadings and conduct a summary judgment-type inquiry. Smallwood, 385 F.3d at 573 (emphasis added). The Fifth Circuit has cautioned against widening the scope of the analysis, stating that "a summary inquiry is appropriate only to identify the presence of <u>discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant</u>." Id. (emphasis added).

All material disputed facts and any ambiguities in controlling state law must be resolved in favor of the plaintiff. Elam, 635 F.3d at 813. Accordingly, the burden on the removing defendant to prove improper joinder is only met when the undisputed facts and uncontested evidence preclude any reasonable possibility for recovery against the non-diverse defendant. Guillory, 434 F.3d at 308-09. When the plaintiff states a valid claim against the in-state defendant on the face of the pleadings, "simply pointing to the plaintiff's lack of evidence" to support the claim is insufficient to establish improper joinder. Elam, 635 F.3d at 813; see also Travis v. Irby, 326 F. 3d 644, 650-51 (5th Cir. 2003) (removing "defendant must put forward evidence that would negate a possibility of liability on the part of" the non-diverse defendant under controlling state law).

III.   ANALYSIS

   A.   The Petition States a Valid Claim Under State Law

Constantin argues in its motion to remand that both Adams and Sea Support "negligently negotiated or brokered an agreement on behalf [of] BP . . . for BP's use of properties owned by [Constantin]," after which "<u>BP illegally trespassed</u>, occupied, constructed, dumped, and converted to its own use, [Constantin's] properties without any written agreement or authorization . . . . As a result of these illegal actions and trespasses, [Constantin] has sustained property damages caused by the negligence of <u>all</u> the defendants." Record Doc. No. 4-1, at pp. 1-2 (emphasis added). Plaintiff contends that it "asserts causes of action against Adams and Sea Support under the Louisiana State laws of negligence, Article 2315 [of the Louisiana Civil Code], intentional tort, trespass, conversion, and damage to its property," which "arise out of Adams and Sea Support's negligence in negotiating an agreement between BP and Jay Pitre of Pitre Industries, Inc. and Pitre Rae Partnership . . . for the use of [Constantin's] property without any authority or permission from [Constantin.]" Id. at p. 2.

In response, BP admits that it used the Property and installed "improvements" thereon, but denies that it caused any damage. Record Doc. No. 10, BP's opposition memorandum, at p. 3; Record Doc. No. 10-2, Defendant's Exh. B, McLemore declaration. BP argues that it is the only properly joined defendant because Constantin's petition does not provide any reasonable basis for recovery against Adams or Sea

Support under any of the asserted theories. Adams and Sea Support argue that Constantin cannot state a claim against them for negligent brokering under Louisiana law when Adams admittedly and Sea Support acted as brokers or agents (assuming solely for the sake of argument that Sea Support did so) for BP, not for Constantin.

Plaintiff's argument in support of remand – that it has <u>not</u> improperly joined Sea Support and Adams because it has stated valid, cognizable claims against these two non-diverse defendants – has merit, based primarily on Constantin's claims of trespass. Plaintiff's conversion claim is questionable because such claims are generally limited to movable property, <u>MCI Commc'ns Servs., Inc. v. Hagan</u>, 74 So. 3d 1148, 1154 n.8 (La. 2011); <u>Dual Drilling Co. v. Mills Equip. Invs., Inc.</u>, 721 So. 2d 853, 857 (La. 1998), and the allegations of the petition appear to concern only plaintiff's immovable property. Similarly, to the extent, if any, that Constantin alleges a cause of action for negligent <u>brokering</u> against Adams and Sea Support, this claim is also questionable. <u>Tech. Res. Servs., Inc. v. Shell Exploration & Prod. Co.</u>, No. 09-7339, 2010 WL 890533, at *3-4 (E.D. La. Mar. 8, 2010); <u>Isaac v. Allstate Ins. Co.</u>, No. 06-6354, 2007 WL 1651974, at *3 (E.D. La. June 6, 2007); <u>Fruge v. ONOB, Inc.</u>, 32 So. 3d 1115, 1119-20 (La. App. 3d Cir. 2010).

However, plaintiff has stated a valid claim for trespass against the non-diverse defendants. Defendants have not met their "heavy" burden to demonstrate that there is <u>no reasonable basis</u> to predict that Constantin might be able to recover against Adams

and Sea Support on this claim. Adams states in his second affidavit dated February 10, 2012 (which is attached to BP's opposition memorandum, Record Doc. No. 10-1, Defendant's Exh. A), that BP retained him in May 2010 "to help BP identify and/or secure vessels, equipment, rental property and other items for use in connection with BP's oil spill response operations." Id. at ¶ 3. Adams confirms that, "[p]ursuant to the scope of my engagement for BP, in June 2010, I helped negotiate an agreement between BP and Jay Pitre of Pitre Industries, Inc.," which allowed BP to use a yard, boat slip and warehouse located on the Property, and that BP "used [the Property] . . . pursuant to that agreement." Id. at ¶ 4. Adams avers that Jay Pitre told him that Pitre had leased the Property from Constantin and Pitre had the authority to sublease it. Adams states that he "believed that Jay Pitre had full authority to sub-lease the Property and to permit any activities (including construction and other activities) on the Property. I never had any reason to question whether Jay Pitre had [such] full authority . . . ." Id. at ¶ 6. Adams further states that he and Sea Support did "not supervise, direct, control, order, or request any activities on the Property (including construction work and any other activities) during the time that BP used it," nor did he or Sea Support use, occupy, damage, perform construction or dump materials on the Property in connection with BP's operations. Id. at ¶¶ 7 - 10. Finally, Adams states that neither he nor Sea Support ever had a contractual, employment or agency relationship with plaintiff or James Constantin (who, according to the petition, is the trustee of Constantin Land Trust).

Adams's affidavit is at least partially self-serving, and BP's reliance on it amounts in some degree to an argument that Constantin cannot prevail on the merits, rather than that the petition fails to demonstrate a valid cause of action. Adams's allegations that he and Sea Support did not use, damage, direct, order or request any activities on or use of the Property are conclusions regarding ultimate issues. Adams's affidavit does not preclude the possibilities either that contradictory evidence exists or that a reasonable interpretation of the currently known evidence might be that his role in brokering the agreement for BP constitutes a trespass under Louisiana law.

Based on the allegations of the petition and the undisputed facts that Adams negotiated the agreement between Pitre and BP that led to the various actions on the Property alleged in the petition, and construing all facts and any ambiguities in the substantive state law in the light most favorable to plaintiff, the court cannot predict that Constantin does not have any reasonable basis for recovery on a claim of trespass under Louisiana law against Adams or Sea Support.

The tort of trespass applies to immovable property. MCI Commc'ns Servs., Inc. v. Hagan, 74 So. 3d 1148, 1155 & n.12 (La. 2011). "A civil trespass is defined as the unlawful physical invasion of the property or possession of another. And a trespasser has been defined as one who goes upon the property of another without the other's consent." Pepper v. Triplet, 864 So. 2d 181, 197 (La. 2004) (quotation and citations omitted). "'Even though the work may have been done by another, the party supervising and/or

directing the work and ordering the trespass is liable.'" Bourquard v. L.O. Ausauma Enters., Inc., 52 So. 3d 248, 251 (La. App. 4th Cir. 2010) (quoting Richard v. Richard, 24 So. 3d 292, 296 (La. App. 3d Cir. 2009)).

A cause of action for trespass is not necessarily limited only to persons who actually supervise, direct or order the trespass on site. A reasonable argument could be made that the cause of action extends further to those who facilitate a trespass in some other way, as Adams (and arguably Sea Support) did by negotiating the agreement that BP employed as its basis to enter and use the Property.

The decisions in Richard and Bourquard support this reasonable possibility. In Richard, the Louisiana Third Circuit Court of Appeal found that plaintiff stated a claim for trespass against his estranged father, who had arranged for movers to deliver furniture to plaintiff's house when plaintiff was not at home, in contravention of plaintiff's instructions. Richard, 24 So. 3d at 296-97. Because the father "unlawfully gave the movers authorization to enter the premises without the residents' permission," plaintiff stated a cause of action for trespass against his father. Id. at 297.

In Bourquard, the Fourth Circuit Court of Appeal affirmed the grant of summary judgment to one defendant who had been the principal in a principal/contractor relationship with the contractor who had trespassed onto plaintiff's property and dumped thereon the waste that the contractor had removed from the principal's property. The court reasoned that plaintiff's summary judgment evidence failed to show that the

principal had "set in motion" the actions of its independent contractor, so that the principal could not be liable for trespass under the theory set forth in Richard. The evidence in that case showed that the principal had no control over the independent contractor's decision to enter plaintiff's property and dump the waste there. Bourquard, 52 So. 3d at 251. However, nothing in the opinion intimates that plaintiff had failed to state a claim against the principal on the basis that it might have facilitated the contractor's actions.

While Adams and Sea Support may not directly have supervised or ordered BP's activities on the Property, it is undisputed that they (again assuming for the sake of argument that Sea Support acted as BP's agent) negotiated an agreement on BP's behalf with Pitre "to sub-lease the Property and to permit any activities (including construction and other activities) on the Property." The alleged and admitted actions of Adams and Sea Support arguably facilitated or "set in motion" BP's entry onto the Property to commit the acts complained of in the petition. Whether plaintiff ultimately will be able to provide evidence to satisfy all the elements of such a claim as to each defendant is not an issue for this court in the joinder analysis. Constantin's allegations appear sufficient to state a claim for trespass against these non-diverse defendants.

Adams and Sea Support are properly joined as defendants because Constantin has a reasonable possibility of recovery against them, at least on its claim of trespass.

Because these in-state defendants are properly joined, diversity jurisdiction is lacking and this matter must be remanded to state court. 28 U.S.C. §§ 1441(b)(2), 1447(c); Smallwood, 385 F.3d at 575-76.

    C.    <u>An Award of Attorney's Fees and Costs Is Not Warranted</u>

Plaintiff seeks an award of its attorney's fees and costs incurred as a result of the removal because, it argues, "defendants' removal is inappropriate and frivolous" and was brought in bad faith. Record Doc. No. 4-1 at p. 8. That request is denied because I find that BP, the removing defendant, had an objectively reasonable basis to remove the action to this court, which precludes an award of attorney's fees and costs.

The removal statute provides that "'[a]n order remanding the case <u>may</u> require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 292 n.2 (5th Cir. 2000) (quoting 28 U.S.C. § 1447(c)) (emphasis added by the Fifth Circuit) .

> There is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary. Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them.

<u>Id.</u> at 292.

"The Supreme Court in <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 . . . (2005) noted that courts may award attorney's fees when the removing party lacks an objectively reasonable basis for removal. Similarly in <u>Hornbuckle</u>, [the Fifth Circuit]

14

stated that attorney's fees should be denied if an objectively reasonable basis exists" for the removal. Howard v. St. Germain, 599 F.3d 455, 457 (5th Cir. 2010) (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)). Because the standard is objective, "we do not consider [defendant's] motive in removing the case to district court." Valdes, 199 F.3d at 292. Section "1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." Id. at 293.

I find that BP's decision to remove this action was objectively reasonable. As noted above, it is questionable whether Constantin can assert valid causes of action for conversion and negligent brokering as to the non-diverse defendants, Adams and Sea Support. Although plaintiff has demonstrated a reasonable possibility of recovery on its claim of trespass against these two defendants, which requires that the action be remanded, BP's contention to the contrary was not objectively unreasonable, considering the averments in Adams's affidavit regarding his role in the activities alleged in plaintiff's petition. Hornbuckle, 385 F.3d at 545; Mackmer v. Frank Angelle Jr. Estate, No. 2:11-CV-1452, 2012 WL 10557, at *6 (W.D. La. Jan. 3, 2012); Hospitality Enters., Inc. v. Westchester Surplus Lines Ins. Co., No. 11-234, 2011 WL 1303954, at *6 (E.D. La. Mar. 31, 2011).

15

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion to remand this matter to state court is hereby GRANTED. The Clerk of Court is directed to mail a certified copy of this order to the clerk of the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana. **IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees and costs is DENIED.

New Orleans, Louisiana, this __28th__ day of March, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE